IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| KYLE RANDALL BING, #02421692, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 6:24-cv-298-JDK-KNM |
| § | |
| BRENT DICKSON, et al., § | |
| § | |
| Defendants. § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Kyle Randall Bing, an inmate proceeding *pro se*, filed a civil rights lawsuit pursuant to 42 U.S.C. § 1983 and has been granted leave to proceed *in forma pauperis*. The case was referred to United States Magistrate Judge K. Nicole Mitchell for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On October 1, 2024, Judge Mitchell issued a Report recommending that Plaintiff's lawsuit be dismissed for failure to prosecute because Plaintiff had failed to comply with the Court's orders to amend his complaint and to pay an initial partial filing fee as required by 28 U.S.C. § 1915(b)(1). Docket No. 10. A copy of this Report was mailed to Plaintiff, who did not file written objections. Shortly after entry of the Report, however, the Court received Plaintiff's amended complaint dated September 24, 2024. (Dkt. #11.)

This Court reviews the findings and conclusions of the Magistrate Judge *de novo* only if a party objects within fourteen days of the Report and Recommendation.

1

28 U.S.C. § 636(b)(1). In conducting a *de novo* review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Here, Plaintiff did not object in the prescribed period. The Court therefore reviews the Magistrate Judge's findings for clear error or abuse of discretion and reviews her legal conclusions to determine whether they are contrary to law. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989) (holding that, if no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law.").

Having reviewed the Magistrate Judge's Report and the record in this case, the Court finds no clear error or abuse of discretion and no conclusions contrary to law with regard to dismissal for failure to pay the initial partial filing fee as ordered. However, the recommendation to dismiss for failure to amend the complaint is now moot in light of Plaintiff's subsequent filing. Accordingly, the Court hereby **ADOPTS** the Report and Recommendation of the United States Magistrate Judge (Docket No. 10) as the findings of this Court, as modified to dismiss solely on the basis of Plaintiff's failure to pay the initial partial filing fee. It is therefore **ORDERED** that this case is **DISMISSED** without prejudice for failure to prosecute. All pending motions are **DENIED** as **MOOT**.

Because Plaintiff's amended complaint includes events dating from August 2022, the statute of limitations for the claims in this action is hereby suspended for sixty days from the entry of judgment, to the extent that Plaintiff's claims were not already untimely at the time he filed suit. *See Campbell v. Wilkinson*, 988 F.3d 798, 801 n.1 (5th Cir. 2021) (explaining that "[w]here further litigation of [a] claim will be time-barred, a dismissal without prejudice is no less severe a sanction than a dismissal with prejudice, and the same standard of review is used"). Such suspension does not affect any claims for which the limitations period had already expired at the time that the present lawsuit was filed; those claims would remain barred regardless of any suspension of the limitations period.

So **ORDERED** and **SIGNED** this **5th** day of **November, 2024.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE